## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

CHRISTOPHER SUTHERLAND,

     Petitioner,

v.                                Case No. 8:20-cv-3037-KKM-UAM

SECRETARY, DEPARTMENT
OF CORRECTIONS,

     Respondent.

_____

### ORDER

Sutherland, a Florida prisoner, timely[1] filed a pro se Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254, challenging his state court conviction based on alleged failings of his trial counsel. (Doc. 1.) Having considered the petition, (*id.*), the supporting memorandum, (Doc. 2), the response in opposition, (Doc. 7), and Sutherland's reply, (Doc. 8), the petition is denied. Because reasonable jurists would not disagree, a certificate of appealability also is not warranted.

---

[1] A state prisoner has one year from the date his judgment becomes final to file a § 2254 petition. *See* § 2244(d)(1). This one-year limitation period is tolled during the pendency of a properly filed state motion seeking collateral relief. *See* § 2244(d)(2). Sutherland's violations and sentences were affirmed on September 14, 2016. (Doc. 7-2, Ex. 24.) His judgment became final 90 days later, on December 13, 2016, upon expiration of the time to petition the Supreme Court of the United States for a writ of certiorari. *See Bond v. Moore*, 309 F.3d 770, 774 (11th Cir. 2002). One day prior, on December 12, 2016, Sutherland filed a motion for postconviction relief. (Doc. 7-2, Ex. 26, p. 1.) The motion remained pending until the state appellate court's mandate issued on January 13, 2020. (Doc. 7-2, Ex. 36.) Sutherland's § 2254 petition was filed less than one year later, on December 11, 2020. (Doc. 1, p. 8.) Accordingly, his petition is timely.

# I.   <u>BACKGROUND</u>

The State of Florida charged Sutherland with one count of lewd or lascivious molestation of a child 12 years or older but under 16 years of age, and one count of lewd or lascivious exhibition upon a child under 16 years of age. (Doc. 7-2, Ex. 2.) Sutherland entered a negotiated plea of no contest. (Doc. 7-2, Exs. 3 & 4.) In accord with the terms of the agreement, the state trial court sentenced Sutherland to 6 years in prison, followed by 18 months of sex offender probation. (Doc. 7-2, Exs. 4 & 5.)

Sutherland was alleged to have violated the terms of his probation by having unsupervised contact with a child under 18 years of age. (Doc. 7-2, Exs. 6-10.) He admitted violating probation and entered an open plea. (Doc. 7-2, Ex. 11.) The state trial court sentenced him to 15 years in prison on each of the two counts, to be served consecutively, for a total of 30 years. (Doc. 7-2, Ex. 12.) Sutherland's motion to withdraw plea was denied. (Doc. 7-2, Exs. 13-15.)

Sutherland appealed; through appellate counsel, he also filed in the trial court a motion to correct a sentencing error under Florida Rule of Criminal Procedure 3.800(b)(2). (Doc. 7-2, Exs. 16 & 17.) The trial court granted his motion to correct a sentencing error, amended his sentence to reflect entitlement to all prior prison and jail credit on both counts, and revoked the probation previously imposed. (Doc. 7-2, Exs. 18-20.) The state appellate court per curiam affirmed. (Doc. 7-2, Ex. 24.)

Sutherland filed a motion for postconviction relief under Florida Rule of Criminal Procedure 3.850. (Doc. 7-2, Ex. 26.) After an evidentiary hearing, the state court denied the motion. (Doc. 7-2, Ex. 31.) The state appellate court per curiam affirmed the denial of relief. (Doc. 7-2, Ex. 35.)

## II.   STANDARD OF REVIEW UNDER SECTION 2254

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) governs this proceeding. *Carroll v. Sec'y, DOC*, 574 F.3d 1354, 1364 (11th Cir. 2009). Habeas relief under the AEDPA can be granted only if a petitioner is in custody "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). "The power of the federal courts to grant a writ of habeas corpus setting aside a state prisoner's conviction on a claim that his conviction was obtained in violation of the United States Constitution is strictly circumscribed." *Green v. Sec'y, Dep't of Corr.*, 28 F.4th 1089, 1093 (11th Cir. 2022).

Section 2254(d) provides that federal habeas relief cannot be granted on a claim adjudicated on the merits in state court unless the state court's adjudication:

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

3

For purposes of § 2254(d)(1), the phrase "clearly established Federal law" encompasses the holdings only of the United States Supreme Court "as of the time of the relevant state-court decision." *Williams v. Taylor*, 529 U.S. 362, 412 (2000). This section "defines two categories of cases in which a state prisoner may obtain federal habeas relief with respect to a claim adjudicated on the merits in state court." *Id.* at 404. First, a decision is "contrary to" clearly established federal law "if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." *Id.* at 413.

Second, a decision involves an "unreasonable application" of clearly established federal law "if the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.* The AEDPA was meant "to prevent federal habeas 'retrials' and to ensure that state-court convictions are given effect to the extent possible under law." *Bell v. Cone*, 535 U.S. 685, 693 (2002). Accordingly, "[t]he focus . . . is on whether the state court's application of clearly established federal law is objectively unreasonable, and . . . an unreasonable application is different from an incorrect one." *Id.* at 694. As a result, to obtain relief under the AEDPA, "a state prisoner must show that the state court's ruling

on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Harrington v. Richter*, 562 U.S. 86, 103 (2011); *see also Lockyer v. Andrade*, 538 U.S. 63, 75 (2003) (stating that "[t]he state court's application of clearly established federal law must be objectively unreasonable" for a federal habeas petitioner to prevail and that the state court's "clear error" is insufficient).

When the last state court to decide a federal claim explains its decision in a reasoned opinion, a federal habeas court reviews the specific reasons as stated in the opinion and defers to those reasons if they are reasonable. *Wilson v. Sellers*, 138 S. Ct. 1188, 1192 (2018). But the habeas court is "not limited by the particular justifications the state court provided for its reasons, and [it] may consider additional rationales that support the state court's determination." *Jennings v. Secretary, Fla. Dep't of Corr.*, 55 F.4th 1277, 1292 (11th Cir. 2022). When the relevant state-court decision is not accompanied with reasons for the decision—such as a summary affirmance without discussion—the federal court "should 'look through' the unexplained decision to the last related state-court decision that does provide a relevant rationale [and] presume that the unexplained decision adopted the same reasoning." *Wilson*, 138 S. Ct. at 1192. The state may "rebut the presumption by showing that the unexplained affirmance relied or most likely did rely on different grounds than the lower state court's decision . . . ." *Id.*

5

For purposes of § 2254(d)(2), "it is not enough to show that 'reasonable minds reviewing the record might disagree about the finding in question.' " *Brown v. Davenport*, 142 S. Ct. 1510, 1525 (2022) (quotations omitted). "An unreasonable determination of the facts occurs when the direction of the evidence, viewed cumulatively, was too powerful to conclude anything but the petitioners factual claim." *Teasley v. Warden, Macon State Prison*, 978 F.3d 1349, 1355 (11th Cir. 2020) (internal quotation marks and alterations omitted). A state court's findings of fact are presumed correct, and a petitioner can rebut the presumption of correctness afforded to a state court's factual findings only by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

Even where a petitioner succeeds in rebutting the presumption, he must show that the state court's decision is "based on" the incorrect factual determination. *Pye v. Warden, Ga. Diagnostic Prison*, 50 F.4th 1025, 1035 (11th Cir. 2022). This is because a state court decision may still be reasonable "even if some of the state court's individual factual findings were erroneous—so long as the decision, taken as a whole, doesn't constitute an 'unreasonable determination of the facts' and isn't 'based on' any such determination." *Id.* (quoting *Hayes v. Sec'y, Fla. Dep't of Corr.*, 10 F.4th 1203, 1224–25 (11th Cir. 2021) (Newsom, J., concurring)).

In addition to satisfying the deferential standard of federal court review of a state court adjudication, a federal habeas petitioner must exhaust his claims by raising them in

state court before presenting them in a federal petition. *See* 28 U.S.C. § 2254(b)(1)(A); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999) ("[T]he state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition."). A petitioner satisfies this exhaustion requirement if he fairly presents the claim in each appropriate state court and alerts that court to the federal nature of the claim. *Ward v. Hall*, 592 F.3d 1144, 1156 (11th Cir. 2010).

The doctrine of procedural default provides that "[i]f the petitioner has failed to exhaust state remedies that are no longer available, that failure is a procedural default which will bar federal habeas relief, unless either the cause and prejudice or the fundamental miscarriage of justice exception is established." *Smith v. Jones*, 256 F.3d 1135, 1138 (11th Cir. 2001). A petitioner shows cause for a procedural default when he demonstrates "that some objective factor external to the defense impeded the effort to raise the claim properly in the state court." *Wright v. Hopper*, 169 F.3d 695, 703 (11th Cir. 1999). A petitioner demonstrates prejudice by showing that "there is at least a reasonable probability that the result of the proceeding would have been different" absent the constitutional violation. *Henderson v. Campbell*, 353 F.3d 880, 892 (11th Cir. 2003). "A 'fundamental miscarriage of justice' occurs in an extraordinary case, where a constitutional violation has resulted in the conviction of someone who is actually innocent." *Id.*

7

## III.   INEFFECTIVE ASSISTANCE OF COUNSEL

Sutherland brings claims for ineffective assistance of trial counsel under the Sixth Amendment. Under the well-known, two-part standard articulated in *Strickland v. Washington*, 466 U.S. 668 (1984), to succeed, he must show both deficient performance by his counsel and prejudice resulting from those errors. *Id.* at 687.

The first part "requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.* The lynchpin of this analysis is whether counsel's conduct "was reasonable considering all the circumstances." *Id.* at 688. A petitioner establishes deficient performance if "the identified acts or omissions [of counsel] were outside the wide range of professionally competent assistance." *Id.* at 690. A court "must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." *Id.* "[C]ounsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Id.*

The second part requires showing that the deficient performance prejudiced the defense. *Id.* at 687. "An error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." *Id.* at 691. To demonstrate prejudice, a petitioner must show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would

have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694. Because he entered a plea, to demonstrate prejudice, Sutherland "must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty . . . ." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985).

"The question [on federal habeas review of an ineffective assistance claim] 'is not whether a federal court believes the state court's determination' under the *Strickland* standard 'was incorrect but whether that determination was unreasonable—a substantially higher threshold.' " *Knowles v. Mirzayance*, 556 U.S. 111, 123 (2009) (quoting *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007)). Consequently, federal petitioners rarely prevail on claims of ineffective assistance of counsel because "[t]he standards created by *Strickland* and § 2254(d) are both highly deferential, and when the two apply in tandem, review is doubly so." *Richter*, 562 U.S. at 105 (quotation and citations omitted).

IV.   <u>ANALYSIS</u>

### A. Ground One

Sutherland argues that trial counsel was ineffective for failing to inform him that he would receive credit for time previously served if he accepted the State's 20-year plea offer after violating probation. Sutherland contends that he would have accepted the offer had he known he was entitled to this credit.

At an evidentiary hearing, counsel testified about the State's 20-year offer. Counsel testified that he asked the prosecutor whether the 20-year offer included credit for the approximately 6 years Sutherland had already served, or whether it was "fresh," and that the prosecutor said it was "a fresh 20." (Doc. 7-2, Ex. 41, p. 52.) Counsel testified that he explained this offer to Sutherland multiple times in the jail. (*Id.*, p. 55.) Specifically, he testified, he told Sutherland that he would not receive credit for the six years he served earlier, and that the only credit he would receive under the terms of the State's offer would be for time he had been in county jail since the date of his violation of probation. (*Id.*) Counsel testified that the State and defense "were really far apart," and that Sutherland would only accept an offer to serve one or two years. (*Id.*, pp. 57, 60.) Yet, counsel testified, the defense did not want to proceed to a hearing on the allegation of violation of probation because the State had significant evidence that Sutherland violated his probationary terms. (*Id.*, pp. 57-58.) Counsel testified that Sutherland ultimately chose to enter an open plea to the violation of probation, rather than to proceed to a hearing. (*Id.*)

Sutherland testified that counsel did not explain how a 20-year sentence would be structured, and that counsel did not explain credit for time served to him. (*Id.*, pp. 22-23, 26-27, 30-31.) Sutherland testified that counsel told him the offer was for 20 years but that they had no discussion about credit. (*Id.*, p. 31.)

The state court denied Sutherland's claim. At the conclusion of the evidentiary hearing, the state court found that Sutherland's claim that he was misadvised "is simply not borne out by the testimony here in court." (*Id.*, p. 84.) The state court found that counsel did convey the 20-year offer and its requirement that Sutherland waive credit for time previously served, and that Sutherland rejected the offer because it "wasn't even in the ballpark of anything he was interested in." (*Id.*) In a subsequent written order, the state court found that counsel conveyed to Sutherland the State's 20-year offer, which included the express condition that Sutherland waive his prior credit. (Ex. 7-2, Ex. 31, p. 3.) Therefore, the state court found, counsel was not ineffective for failing to inform Sutherland he would receive all previous credit if he accepted the State's 20-year offer because the express terms of the offer provided that he would not receive such credit. (*Id.*, pp. 3-4.) The state court concluded that counsel accurately explained the State's offer to Sutherland, and that Sutherland declined to accept it. (*Id.*, p. 4.)

Sutherland does not show that the state court's decision was unreasonable. Sutherland is correct that he was entitled to credit for the time he served before violating probation, and that because the original prison sentences were concurrent, he was entitled to receive that credit against each sentence when he received consecutive sentences after violating probation. *See State v. Rabedeau*, 2 So.3d 191, 193 (Fla. 2009) (stating that a defendant is entitled to credit for time served against all consecutive sentences when the

11

sentences ran concurrently prior to the violation of probation). But the state court found that the State's offer required him to waive his entitlement to this credit. *See Isaac v. State*, 992 So.2d 304, 305 (Fla. 3d DCA 2008) (stating that a defendant can waive credit for time served in prison on the original sentence as part of a negotiated plea agreement).

In making that finding, the state court relied on counsel's testimony that the State's offer was for a "fresh" 20 years, and that Sutherland would be required to waive credit for the time he previously served in prison. Further, the state court accepted counsel's testimony that he conveyed these terms to Sutherland, and that Sutherland rejected the offer. To the extent that the state court's decision therefore involves a finding that counsel was credible, that finding is entitled to a presumption of correctness. *See Rolling v. Crosby*, 438 F.3d 1296, 1301 (11th Cir. 2006) ("The factual findings of the state court, including the credibility findings, are presumed to be correct unless [the petitioner] rebuts the presumption by clear and convincing evidence." (citing 28 U.S.C. § 2254(e)(1)). Sutherland has not rebutted the presumption of correctness by clear and convincing evidence. *See id*. Sutherland fails to show that the state court unreasonably determined that counsel was not ineffective when he accurately advised Sutherland of the terms of the State's offer.

Sutherland does not show that the state court's decision involved an unreasonable application of *Strickland* or was based on an unreasonable factual determination. He is not entitled to relief on Ground One.

## B. Ground Two

Sutherland contends that trial counsel was ineffective for failing to move to correct a sentencing error under Florida Rule of Criminal Procedure 3.800(b). Sutherland asserts that the sentencing judge had a policy of sentencing sex offenders to the maximum permissible sentence permitted absent "extraordinary mitigating factors." (Doc. 1, p. 5.)[2] Sutherland asserts that if counsel had filed a Rule 3.800(b) motion, there is a reasonable probability that he would have been resentenced before a successor judge.[3]

Sutherland did not raise this ineffective assistance of trial counsel claim in his state postconviction motion. Recognizing that his claim is procedurally defaulted because he did not present it to the state court on postconviction review, Sutherland asserts that he meets the cause and prejudice exception under *Martinez v. Ryan*, 566 U.S. 1 (2012). In recognizing a narrow exception to the rule that ineffective assistance of postconviction counsel does not constitute cause to overcome a procedural default, *Martinez* holds:

---

[2] Each charge was for a second-degree felony. (Doc. 7-2, Ex. 2.) The 15-year sentence Sutherland received on each charge was the maximum sentence permissible. *See* § 775.082(3)(d), Fla. Stat.

[3] Sutherland cites portions of the sentencing hearing where the trial court stated that although Sutherland had some positive attributes, he believed he was obligated to sentence Sutherland, as a sex offender, to the maximum sentence. (Doc. 1, p. 5; Doc. 7-2, Ex. 40, pp. 54-56.)

> Where, under state law, claims of ineffective assistance of trial counsel must be raised in an initial-review collateral proceeding, a procedural default will not bar a federal habeas court from hearing *a substantial claim of ineffective assistance at trial* if, in the initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective.

*Id.* at 17 (emphasis added).

To establish cause under *Martinez*, a petitioner must demonstrate that the defaulted ineffective assistance of trial counsel claim "is a substantial one, which is to say that [he] must demonstrate that the claim has some merit." *Id.* at 14. A claim without any merit or that is wholly without factual support is not substantial. *See id.* at 15-16. A petitioner shows that his defaulted claim is substantial under *Martinez* by demonstrating that "reasonable jurists 'would find it debatable whether the petition states a valid claim of the denial of a constitutional right.'" *Clark v. Comm'r, Ala. Dep't of Corr.*, 988 F.3d 1326, 1331 (11th Cir. 2021) (quoting *Hittson v. GDCP Warden*, 759 F.3d 1210, 1269-70 (11th Cir. 2014)).

Sutherland has not shown that his defaulted ineffective assistance of trial counsel claim is substantial under *Martinez*. Rule 3.800(b) allows for motions to correct a sentencing error. A defendant may file a motion under Rule 3.800(b)(1) before filing a direct appeal, and may file a motion under Rule 3.800(b)(2) while a direct appeal is

pending.[4] But Sutherland does not show that trial counsel was ineffective for failing to move under 3.800(b)(1) based on the trial court's alleged policy for sentencing sex offenders. Rule 3.800(b) is "intended to permit defendants to bring to the trial court's attention errors in sentence-related *orders*, not any error in the sentencing process." *Jackson v. State*, 983 So.2d 562, 572 (Fla. 2008). Accordingly, under Florida law, a trial court's allegedly arbitrary sentencing policy "is not an error that is cognizable under rule 3.800(b) . . . ." *Cromartie v. State*, 70 So.3d 559, 563 (Fla. 2011).

As the claim that Sutherland contends counsel should have filed under Rule 3.800(b) would not have been cognizable, he does not show that trial counsel was deficient for not raising the claim. Nor does he show a reasonable probability of a different outcome had counsel filed the motion. *See Pinkney v. Sec'y, DOC*, 876 F.3d 1290, 1297 (11th Cir. 2017) ("[A]n attorney will not be held to have performed deficiently for failing to perform a futile act, one that would not have gotten his client any relief."). As Sutherland does not show that his defaulted claim of ineffective assistance of trial counsel is substantial, he does not meet the cause and prejudice exception under *Martinez*. Sutherland does not assert that the fundamental miscarriage of justice exception applies. He therefore does not

---

[4] As stated, appellate counsel filed a motion under Rule 3.800(b)(2) while Sutherland's appeal was pending regarding credit for time served and the revocation of probation. (Doc. 7-2, Ex. 17.)

overcome the procedural default of his ineffective assistance of trial counsel claim. Ground Two does not warrant relief.

## V.   CERTIFICATE OF APPEALABILITY

A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1). Instead, a district court or court of appeals must first issue a certificate of appealability (COA). *Id.* "A [COA] may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To obtain a COA, Sutherland must show that reasonable jurists would find debatable both the merits of the underlying claims and the procedural issues he seeks to raise. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Sutherland has not made the requisite showing. Finally, because Sutherland is not entitled to a COA, he is not entitled to appeal in forma pauperis.

It is therefore **ORDERED** that Sutherland's Petition for Writ of Habeas Corpus, (Doc. 1), is **DENIED**. The **CLERK** is directed to enter judgment against Sutherland and in Respondent's favor and to **CLOSE** this case.

**ORDERED** in Tampa, Florida, on November 8, 2023.

Kathryn Kimball Mizelle
United States District Judge

16